IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WACHOVIA BANK, NATIONAL ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 09-0703-WS-C ) |
| LONGCRIER HOMES, INC., *et al.*, | ) ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on plaintiff's Motion to Strike Jury Demand (doc. 11). The Motion has been briefed and is now ripe for disposition.

**I.    Background.**

On October 27, 2009, plaintiff, Wachovia Bank, filed its Complaint (doc. 1) against defendants, Longcrier Homes, Inc., Adrian J. Longcrier and Russell Judkins, in this District Court, predicating jurisdiction on diversity of citizenship. According to the well-pleaded allegations of the Complaint, Wachovia loaned $286,000 to defendants in November 2008, with the two individual defendants (Longcrier and Judkins) executing unconditional guaranties in Wachovia's favor. Wachovia maintains that the loan is in default and that Longcrier and Judkins have not honored their guaranty obligations. On that basis, Wachovia brings breach of contract claims against all defendants for failure to perform their obligations under the applicable promissory note, and against Longcrier and Judkins for failure to comply with their guaranties.

On December 14, 2009, defendant Judkins filed an Answer (doc. 10) wherein he demanded a jury trial as to all claims so triable.[1] Wachovia then moved to strike Judkins' jury demand, on the ground that he had expressly waived his right to a jury in a seven-page Unconditional Guaranty dated April 14, 2006 (the "Guaranty"). (Doc. 11, Exh. A.) On the last

---

[1] Five days earlier, Longcrier Homes and Longcrier jointly filed an Answer (doc. 8) that did not purport to demand a jury trial. And the Complaint itself is devoid of a jury demand.

page of the Guaranty, immediately above Judkins' signature, is a paragraph bearing the heading "**WAIVER OF JURY TRIAL**" and stating as follows, in relevant part:

> "TO THE EXTENT PERMITTED BY APPLICABLE LAW, EACH OF GUARANTOR BY EXECUTION HEREOF AND BANK BY ACCEPTANCE HEREOF, KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES ANY RIGHT EACH MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED ON, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS GUARANTY, THE LOAN DOCUMENTS OR ANY AGREEMENT CONTEMPLATED TO BE EXECUTED IN CONNECTION WITH THIS GUARANTY .... THIS PROVISION IS A MATERIAL INDUCEMENT TO BANK TO ACCEPT THIS GUARANTY."

(Doc. 11, Exh. A, at 7.)[2]  Wachovia's position is that this waiver is binding and enforceable against Judkins, and that his demand for jury trial should therefore be stricken.

For his part, Judkins concedes that he executed the Guaranty and that it contained a jury trial waiver.  However, he maintains that the waiver should not be enforced against him because of the parties' unequal bargaining power and Judkins' lack of appreciation for the breadth and scope of that waiver provision.

**II.   Analysis.**

By its terms, the Guaranty is governed by Alabama law.  (Doc. 11, Exh. A, at 5.)  It is well-established, however, that federal courts apply federal law in examining whether a jury waiver is enforceable.  *See, e.g., Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 (3rd Cir. 2007) ("The question of a waiver of a constitutional right, including the Seventh Amendment right to a jury trial, is a federal question controlled by federal law. ... Federal courts apply federal law in determining whether a contractual jury trial waiver is enforceable.").[3]

---

[2]   A substantively identical waiver provision was set forth in the Promissory Note (doc. 1, Exh. A) executed by Judkins and the other defendants in Wachovia's favor on November 18, 2008.

[3]   *See also Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 188 (2nd Cir. 2007) ("When asserted in federal court, the right to a jury trial is governed by federal law."); *Medical Air Technology Corp. v. Marwan Inv., Inc.*, 303 F.3d 11, 18 (1st Cir. 2002) ("In a diversity jurisdiction suit, the enforcement of a jury waiver is a question of federal, not state, law.").

Waivers of jury rights are "not to be lightly inferred" and "should be scrutinized with the utmost care." *Haynes v. W.C. Caye & Co.*, 52 F.3d 928, 930 (11th Cir. 1995) (citations and internal quotation marks omitted); *see also Mega Life and Health Ins. Co. v. Pieniozek*, 585 F.3d 1399, 1403 (11th Cir. 2009) (federal courts "indulge[] every reasonable presumption against waiver" of right to trial by jury). That said, there is no question that "[a] party may validly waive its Seventh Amendment right to a jury trial so long as the waiver is knowing and voluntary." *Bakrac, Inc. v. Villager Franchise Systems, Inc.*, 2006 WL 41282, *3 (11th Cir. Jan. 6, 2006); *see also Palmer v. Valdez*, 560 F.3d 965, 968 (9th Cir. 2009) ("Like other constitutional rights, the right to a jury trial in civil suits can be waived."); *Tracinda*, 502 F.3d at 222 (recognizing that "a private litigant may waive the right to a jury trial in a civil case," but that such waiver "must be made knowingly and voluntarily"). "In making this assessment, courts consider the conspicuousness of the waiver provision, the parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the contract were negotiable." *Bakrac*, 2006 WL 41282, at *3.

It is undisputed that Judkins actually signed the waiver and that, if valid, it would encompass Wachovia's claims against him. In accordance with the foregoing authorities, the question of enforceability turns on whether Judkins' waiver of his jury trial rights was knowing and voluntary. The waiver itself contains a clear, conspicuous recital by Judkins that he was waiving his right to jury trial "KNOWINGLY, VOLUNTARILY, AND INTENTIONALLY." (Doc. 11, Exh. A, at 7.) Having signed a document confirming that his jury waiver was knowing and voluntary, Judkins is hard-pressed to maintain otherwise today.[4] Yet he does. Specifically, Judkins argues that his jury waiver was not knowing and voluntary, because (1) the Guaranty was the product of unequal bargaining power, and (2) he did not understand the breadth and implications of the waiver provision. Neither contention is persuasive.

---

[4] Of course, Judkins' predicament is exacerbated by the fact that he signed the Promissory Note containing a substantively identical jury waiver in November 2008 when the loan transaction was consummated. Thus, he affirmatively waived his right to jury trial not once but twice in the operative documents for this transaction, and stated on both occasions that he was doing so knowingly and voluntarily. Notwithstanding his previous representations to the contrary, Judkins now denies that his waivers were knowing and voluntary.

With respect to bargaining power, Judkins submits an affidavit wherein he avers that "the terms of the Unconditional Guaranty were not subject to negotiation" and that he "had to accept the terms as they were presented or the loan would not have been made." (Doc. 14, Exh. A, at ¶ 2.) But this view of the parties' relative bargaining power is too narrow. In arguing against enforcement of the jury waiver, Judkins does not suggest that he and the other defendants were a captive audience to Wachovia. He does not suggest that no other lenders were available, or that Wachovia was "the only game in town" for the desired loan. Plaintiff's evidence establishes otherwise. Indeed, Wachovia's evidentiary submission demonstrates that Judkins was a sophisticated and experienced participant in this transaction. More importantly, Judkins had extensive personal holdings and available resources (including a personal net worth of more than 30 times the amount of the Wachovia loan, and personal cash reserves of more than three times the amount of the loan). (Doc. 15, Exh. A.) Given Judkins' not inconsiderable assets, and his status as both a borrower and a guarantor of the Longcrier loan, it simply cannot be that defendants' sole option for obtaining the loan was through Wachovia, leaving defendants at Wachovia's mercy to dictate draconian terms. Judkins does not assert otherwise. Judkins' status as personal guarantor and his available assets would logically have rendered the Longcrier loan an attractive piece of business, and all indications are that other lenders would have stepped into the breach had the Wachovia deal broken down. And if all else had failed, Judkins could have bankrolled the loan himself. Whatever else may be said, the record before the Court demonstrates that the parties' relative bargaining power was not so skewed that Judkins was essentially compelled to agree to a jury waiver that Wachovia forced upon him, on pain of ruining Longcrier's financing efforts altogether. The availability of other lending options, coupled with Judkins' evident business acumen and his contemporaneous acknowledgment that his waiver was knowing and voluntary, conclusively rebuts Judkins' present contention that unequal bargaining power rendered his execution of the jury waiver unenforceable.

Judkins' second argument is that his waiver was unknowing because at the time of execution of the Guaranty, he "did not know or understand that [he] would be waiving [his] right to a jury trial in all instances." (Doc. 14, Exh. A, at ¶ 3.) This protestation of ignorance is unconvincing. The jury waiver itself is quite conspicuous, written in all capital letters immediately above his signature on the Guaranty, with substantively identical language repeated

in the Promissory Note just before the signature page.  Moreover, the import of the waiver is clear.  By its plain language, the waiver applies to "ANY RIGHT" that Judkins "MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED ON, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS GUARANTY, THE LOAN DOCUMENTS, OR ANY AGREEMENT CONTEMPLATED TO BE EXECUTED IN CONNECTION WITH THIS GUARANTY, OR ANY COURSE OF CONDUCT ... OR ACTIONS OF ANY PARTY WITH RESPECT THERETO."  (Doc. 11, Exh. A, at 7.)

Judkins contends that he did not realize that he was waiving his right to jury trial for defenses to enforcement of the Guaranty, or for counterclaims he might have against Wachovia in connection with the loan documents or its actions concerning the loan.  But he does not say how reading the broad waiver language in the Guaranty and Promissory Note could have left any reasonable doubt in his mind that the waiver indeed applied to these scenarios, as well as all other litigation arising out of the loan documents, the Guaranty, or Wachovia's actions with respect to same.  Judkins' position is undermined by the black-letter principle that "[a] person who executes a written document in ignorance of its contents cannot plead ignorance in order to avoid the effect of the document."  *Quality Foods, Inc. v. U.S. Fire Ins. Co.*, 715 F.2d 539, 542 (11th Cir. 1983); *see also Treiber & Straub, Inc. v. U.P.S., Inc.*, 474 F.3d 379, 385 (7th Cir. 2007) ("This is basic contract law: one cannot accept a contract and then renege based on one's own failure to read it."); *Burden v. Check Into Cash of Kentucky, LLC*, 267 F.3d 483, 492 (6th Cir. 2001) ("one who signs a contract is presumed to know its contents"); *Southwest Pet Products, Inc. v. Koch Industries, Inc.*, 107 F. Supp.2d 1108, 1114 (D. Ariz. 2000) ("It is not the place of the judicial system to rewrite contract terms for sophisticated business entities caught unaware by unfavorable provisions that they failed to read and negotiate.").[5]  On that basis, the Court cannot find that Judkins' jury waiver was unknowing or involuntary merely because he now says

---

[5] This hornbook-law principle is equally well settled in Alabama jurisprudence. *See, e.g., Ex parte Brown*, --- So.3d ----, 2009 WL 1875576 (Ala. June 30, 2009) (when a competent adult signs a contract, ordinarily "he will be held to be on notice of all the provisions contained in that contract and will be bound thereby") (citation omitted); *Harbison v. Strickland*, 900 So.2d 385, 387 n.2 (Ala. 2004) ("A person who signs a contract is on notice of the terms therein and is bound thereby, even if he or she fails to read the document.") (citation omitted).

that he failed to appreciate its clear terms and import at the time of execution.

### III. Conclusion.

The record before the Court establishes that defendant Judkins was a sophisticated player in the Wachovia loan transaction at issue in this case. It is evident that Judkins' agreement to waive his right to jury trial, as conspicuously set forth in both the Guaranty and the Promissory Note, was both knowing and voluntary, just as Judkins expressly acknowledged upon signing both documents. Accordingly, that jury waiver is enforceable, notwithstanding the presumption against waiver of Seventh Amendment rights and the careful scrutiny attendant to same. Plaintiff's Motion to Strike Jury Demand (doc. 11) is therefore **granted**, and the jury demand set forth in Judkins' Answer (doc. 10) is hereby **stricken**.

DONE and ORDERED this 21st day of January, 2010.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE